## DAVIS v. YOUNG.

(Supreme Court, Appellate Term. May 24, 1910.)

ASSOCIATIONS (§ 20*)—ACTION ON LIABILITY TO PERSON NOT MEMBER.

An action against a voluntary unincorporated association of more than seven members cannot be maintained on a certificate of indebtedness issued by it, unless all the members are severally or jointly liable to pay the amount of the claim; and the authority of the officers issuing the certificate to pledge the credit of its members for their payment must be shown, no authority to do so being implied from the association.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 36; Dec. Dig. § 20.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Lazar Davis against John Young, President of Subordinate Association No. 1 of the Lithographers' International Protective and Beneficial Association of the United States and Canada. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Weldon & Byrnes, for appellant.

Jacob Bernstein, for respondent.

LEHMAN, J. The plaintiff has recovered judgment for $95 upon 33 certificates of indebtedness issued by the defendant for strike benefits. The defendant is a voluntary unincorporated association of more than seven members. It is well settled that an action of this kind may be maintained only if all the members of the association are severally or jointly liable to pay the plaintiff the amount of his claim.

It appears that the plaintiff was a member of the defendant association; that he went out on strike by order of the association, and that

he was promised by some person, not designated, that he would be paid $6 a week strike benefit during the continuance of the strike; that he was paid $6 for a few weeks, and thereafter he was paid $3 a week in cash and $3 a week in the certificates of indebtedness, on which he is now suing. These certificates are in printed form, and read as follows:

"This is to certify that Subordinate Association No. 1 of the L. I. P. & B. A. of the United States and Canada is indebted to L. Davis, to the sum of three and $00/100$ dollars, for value received, same to be paid upon presentation of this certificate after settlement of the present strike.

"W. F. Long, President.
"A. L. Bender, Treasurer."

To sustain his cause of action the plaintiff must show that the officers who made this contract were authorized to pledge the personal credit of its members for the payment of these certificates. The plaintiff must show the agency, for none is implied by the mere fact of the association. "In this respect there is a plain distinction between associations formed for the purpose of pecuniary profit and those formed for other objects." McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204. The plaintiff has shown no direct authority by the members of the association to its officers to incur any obligation on their behalf. The defendant has introduced in evidence the constitution of the defendant association, but in the words of the Court of Appeals in the case of McCabe v. Goodfellow, supra:

"We fail to discover anything in the organization of this association, or in its constitution or professed objects, or in the methods which it adopted for the conduct of its affairs, which indicated an intention on the part of these members to become personally bound for any debts contracted by its officers and committees beyond what might be necessary for the maintenance of its existence. The scheme of its operations seems to have contemplated the raising of money by collections and voluntary subscriptions, to be placed at the disposal of its committees for the purpose of defraying any proper expenses which they might incur, and no authority was given to any officer, agent, or committee of the association to pledge without limit the personal credit of its members."

On the contrary, it affirmatively appears that the strike benefits of $1 a day were to be paid by the General Association, and not by the subordinate associations, and that the members of the subordinate association in their constitution neither contemplated nor authorized the payment of such benefits, and also that the members of the subordinate association provided that other benefits to be paid by them were to be paid only from funds raised by them, and not by pledge of their personal credit.

In this view of the case, I have considered it unnecessary to consider the question whether, in any event, these so-called "certificates of indebtedness" represent an indebtedness founded on a valid consideration, or whether they are a mere gratuity.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.